IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.   No. CR 22-0461 JB

NATHAN A. MARTINEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Objections to the Presentence Report, filed March 13, 2023 (Doc. 45)("Objections"). In the Objections, Defendant Nathan A. Martinez objects to the Presentence Investigation Report, filed February 28, 2023 (Doc. 43)("PSR"). See Objections at 1-3. The primary issues are: (i) whether the record supports a finding by a preponderance of the evidence that Martinez was an organizer, leader, manager, or supervisor in a drug trafficking organization, such that his base offense level is subject to a 2-level enhancement under § 3B1.1(c) of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."); and (ii) whether Martinez played a minor or minimal role in the drug trafficking organization, such that his base offense level is subject to: (a) a 3-level reduction under U.S.S.G. § 3B1.2, and (b) an additional 3-level reduction under U.S.S.G. § 2D1.1(a)(5)(ii). The Court concludes that: (i) Plaintiff United States of America has not met its burden to prove by a preponderance of the evidence that Martinez was an organizer, leader, manager, or supervisor of the drug trafficking organization; and (ii) Martinez has not met his burden to prove by a preponderance of the evidence that he played only a minor or minimal role in the drug trafficking organization. The Court, therefore, will not apply either enhancement or reduction. Martinez'

base offense level is 34, and he receives a 2-level enhancement for obstruction of justice and a 3-level reduction for acceptance of responsibility. A conviction under 18 U.S.C. § 924(c) carries a mandatory 60-months of imprisonment to run consecutively to any other term of imprisonment. Accordingly, with a total offense level of 33 and a criminal history category of V, Martinez' Guideline sentencing range is 270 to 322 months.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 23, 2022, officers from the Drug Enforcement Agency ("DEA") arranged to purchase methamphetamine from Martinez in Albuquerque, New Mexico.[1] See PSR ¶ 8, at 4-5. Martinez sold an undercover officer 514.2 net grams of pure methamphetamine for $4,500.00.[2] See PSR ¶ 8, at 5; Plea Agreement ¶ 9(a), at 8, filed December 28, 2022 (Doc. 40). After completing the transaction, Martinez drove away, at which point DEA agents initiated a traffic stop. See PSR ¶ 8, at 5; Plea Agreement ¶ 9(b), at 8. Martinez attempted to flee, but the agents disabled his vehicle and arrested Martinez. See PSR ¶ 8, at 5; Plea Agreement ¶ 9(b), at 8. Agents searched Martinez' vehicle and found cash beyond the $4,500.00 which he had just received, additional drugs, some of which were in quantities consistent with personal use, drug paraphernalia, and two firearms. See PSR ¶ 9, at 5; Plea Agreement ¶¶ 9(c)-(g), at 8-9. At the time of Martinez' arrest, he was a convicted felon. See PSR ¶ 9, at 5; Plea Agreement ¶ 9(h), at 9.

---

[1]The PSR states that DEA agents believed that Martinez was involved in a drug trafficking organization and had identified him as "being one of several 'right-hand' men or a 'lieutenant' for a high-ranking individual." PSR ¶ 11, at 5. For reasons discussed below, the Court concludes that the United States has not proven Martinez' involvement in a drug trafficking organization by a preponderance of the evidence. Accordingly, the Court does not make this factual finding for this Memorandum Opinion and Order's purposes.

[2]The Criminal Complaint, filed February 24, 2022 (Doc. 2), alleges that, during the exchange, Martinez had a passenger in the car, who did not speak to the undercover agent. See Criminal Complaint ¶ 4, at 4.

The Grand Jury indicted Martinez on five counts: (i) two violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) for distribution and possession with intent to distribute 50 grams and more of methamphetamine; (ii) one violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), for possession with intent to distribute 40 grams and more of fentanyl; (iii) one violation of 18 U.S.C. § 924(c)(1)(A)(i), for using and carrying a firearm during a drug trafficking crime; and (iv) one violation of 18 U.S.C. §§ 922(g)(1) and 924, for being a felon in possession of a firearm and ammunition.  See Indictment at 1-3, filed March 23, 2023 (Doc. 16).  On December 28, 2022, Martinez pled guilty to all five counts and entered into the Plea Agreement pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  See Plea Agreement ¶ 3, at 2; Fed. R. Crim. P. 11(c)(1)(C).  The Plea Agreement states that the parties have agreed to a specific sentence of 180 months of imprisonment, and leaves a determination regarding any fine, restitution, or term and conditions of supervised release to be imposed to the Court.  See Plea Agreement ¶ 11, at 9-10.  Martinez additionally agrees not to seek a downward departure or variance from the specific 180-month sentence.  See Plea Agreement ¶ 16, at 11-12.  Martinez also waives his right under 28 U.S.C. § 1291 and 18 U.S.C. § 3742 to appeal his conviction and the sentence imposed.  See Plea Agreement ¶ 23, at 14.

The United States Probation Office ("USPO") filed its PSR on February 28, 2023.  See PSR at 1.  The PSR groups Count 5, felon in possession of a firearm and ammunition, with Counts 1 through 3 for Guideline calculation purposes, "because it embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to the other counts, pursuant to § 3D1.2(c)."  PSR ¶ 16, at 6.  Accordingly, the PSR does not calculate a separate imprisonment range for Count 5.  Additionally, the PSR excludes Count 4, use and carrying of a firearm during a drug trafficking crime, from any grouping rules and notes that Count

4's Guideline sentence is the mandatory minimum term of imprisonment that § 924 imposes: 60 months, to run consecutively to all other counts. See PSR ¶ 17, at 6; id. ¶ 67, at 19; 18 U.S.C. §§ 924(c)(1)(A)(i), (D)(ii); U.S.S.G. § 2K2.4(b) & cmt. 2(A). To calculate the grouped Counts' Guideline offense level, the PSR begins with a base offense level of 34, based on a converted drug weight of 12,575.80 kilograms. See PSR ¶ 18, at 7. The PSR then applies: (i) a 2-level enhancement for Martinez' role as an organizer, leader, manager, or supervisor in the criminal activity under § 3B1.1(c); (ii) a 2-level enhancement for obstruction of justice based on Martinez' flight from a law enforcement officer under § 3C1.2; (iii) a 2-level reduction for acceptance of responsibility; and (iv) a 1-level reduction for Martinez' timely notifying authorities of his intent to plead guilty. See PSR ¶¶ 21-26, at 7. Accordingly, the PSR calculates a total offense level of 35. See PSR ¶ 27, at 7. After reviewing Martinez' criminal history, the PSR assigns him a criminal history score of 11 and a criminal history category of V. See PSR ¶¶ 40-41, at 14. The PSR, therefore, calculates Martinez' Guideline imprisonment range for the grouped counts to be 262 to 327 months and, given the mandatory 60 months of consecutive imprisonment for Count 4, calculates a combined Guideline imprisonment range of 322 to 387 months. See PSR ¶ 67, at 19.

      Martinez filed his Objections on March 13, 2023. See Objections at 1. Martinez objects to "any allegation that he was a 'leader', 'lieutenant', or that he had any 'decision-making authority' over other participants." Objections at 1 (quoting PSR ¶ 11, at 5-6). Accordingly, he objects to the PSR's imposition of an enhancement under U.S.S.G. § 3B1.1(c), which provides that, "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels." U.S.S.G. § 3B1.1(c). See Objections at 1 (citing PSR ¶ 21, at 7). In support of his Objections, Martinez asserts that the record does not support a finding that he: (i) was an organizer or leader; (ii) had control over subordinates;

Case 1:22-cr-00461-JB   Document 49   Filed 04/18/23   Page 5 of 14

(iii) acted as a drug ring's moneyman; (iv) recruited others; (v) transported subordinates to drug deals; (vi) directed drug deliveries; (vii) supplied narcotics to others to sell while reaping the profits; (viii) managed a criminal organization's property, assets, or activities; or (ix) held decision-making authority or control over others.  See Objections at 1-2 (citing United States v. Valdez-Arieta, 127 F.3d 1267, 1272 (10th Cir. 1997); United States v. Billingsley, 115 F.3d 458, 465 (7th Cir. 1997); United States v. Garin, 103 F.3d 687, 690 (8th Cir. 1996)); United States v. Bernaugh, 969 F.2d 858, 864 (10th Cir. 1992).  Martinez also asserts that, although he acknowledges he was a participant in the offense and that the PSR notes that there was a passenger in the car with him when he sold the methamphetamine to the undercover agent, he did not exercise or influence decision-making authority, his "understanding of the scope and structure of the criminal activity was limited, [and] the facts do not suggest that Mr. Martinez had any planning or organizational role."  Objections at 2.  Accordingly, Martinez argues that the Court should apply reductions under both U.S.S.G. §§ 2D.1.1(a)(5)(ii) and 3B1.2, which "would reduce Mr. Martinez's guideline range closer to the agreed upon 180 months of incarceration."  Objections at 2.  In conclusion, Martinez argues that the Court should reduce his base offense level by 3 levels under § 2D1.1(a)(5)(ii) and by 3 levels under § 3B1.2, and that the Court should not apply an enhancement under § 3B1.1(c).  See Objections at 3.  According to Martinez, this calculation would result in a Guideline range of 100 to 125 months of imprisonment for Counts 1, 2, 3, and 5, and an additional 60 months of imprisonment for Count 4, resulting in a total 160 to 185 month imprisonment range.  See Objections at 3.

The United States responds to Martinez' Objections.  See United States' Response to Defendant's Sentencing Memorandum and Objections to the Presentence Report, filed March 17, 2023 (Doc. 47)("Response").  The United States spends most of its Response discussing the

- 5 -

statutory sentencing factors in 18 U.S.C. § 3553(a) that the Court must consider when imposing a sentence, but responds briefly to Martinez' Objections. See Response at 1-8. The United States contends that Martinez' request for a minimal or minor role adjustment is implausible, that his Objections are without merit, and that the Court should accept the PSR's Guideline range calculation. See Response at 2. The United States admits that it "cannot definitively state that Martinez could give orders to any other participant in his drug trafficking organization," but asserts that "a review of his mobile phone's extraction makes clear that he was involved in organizing their activities." Response at 6. The United States also asserts that United States v. Valdez-Arieta, which Martinez cites in his Objections, undermines his argument. See Response at 6 (quoting United States v. Valdez-Arieta, 127 F.3d at 1270 ("A defendant can organize an illegal activity without exercising control over the other participants in the activity.")). The United States argues next that Martinez does not qualify for a minimal or minor role reduction, because he "distributed large quantities of methamphetamine and fentanyl throughout Albuquerque with substantial autonomy." Response at 7 (citing United States v. Ibarra-Quintero, No. CR 19-4459 JB, 2022 WL 326195, at *1 (D.N.M. February 3, 2022)(Browning, J.); United States v. Madrid, 819 F. App'x 646, 650 (10th Cir. 2020)).[3]

---

[3]United States v. Madrid is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

After Martinez filed his Objections and the United States filed its Response, the USPO filed an Addendum to the Presentence Report, filed March 31, 2023 (Doc. 48)("Addendum"). The USPO asserts that the DEA "began investigating the defendant after he was identified as being one of several individuals involved in the distribution of narcotics in the Bernalillo County, New Mexico area." Addendum at 1. According to the USPO, the USPO spoke with the DEA agent assigned to the case, who "deemed the defendant as being one of several 'right-hand' men or a 'lieutenant' for a high-ranking member of the [drug trafficking organization ("DTO")]," and that Martinez "was one of the DEA's biggest targets during their investigation of this particular DTO." Addendum at 1-2. The USPO contends that, "[b]ased on the analysis of the defendant's participation in the DTO provided by the DEA case agent," a 2-level enhancement under § 3B1.1(c) is warranted here. Addendum at 2. The USPO asserts that, because Martinez should receive an enhancement for his role as a leader in the organization, he does not qualify for reductions under §§ 2D1.1(a)(5)(A) and (B)(ii). See Addendum at 2.

## ANALYSIS

Section 3B1.1(c) of the Guidelines provides that, "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels." U.S.S.G. § 3B1.1(c).[4] The commentary to § 3B1.1 provides the following considerations in determining whether to apply this adjustment:

> To qualify for an adjustment under this section, the defendant must have

---

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Kelso v. Luna has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

[4]Subsections (a) and (b) involve defendants who are organizers leaders, managers, or supervisors of criminal activity that involves five or more participants or is otherwise extensive. See U.S.S.G. § 3B1.1(a)-(b).

> been the organizer, leader, manager, or supervisory of one or more other participants. An upward departure may be warranted, however, in the case of a defendant who did not organize, lead, manage, or supervise another participant, but who nevertheless exercised management responsibility over the property, asserts, or activities of a criminal organization.

Although "[f]unctioning as a leader requires an element of control over underlings, particularly in the form of recruitment and direction, . . . [t]o qualify as an organizer, however, no control is necessary." United States v. Wardell, 591 F.3d 1279, 1304 (10th Cir. 2009)(citing United States v. Cruz Camacho, 137 F.3d 1220, 1224-25 (10th Cir. 1998); United States v. Egbert, 562 F.3d 1092, 1103 (10th Cir. 2009); United States v. Valdez-Arieta, 127 F.3d at 1272; United States v. Tejada-Beltran, 50 F.3d 105, 112 (1st Cir. 1995)). "Instead, a defendant may be deemed an organizer under § 3B1.1 for 'devising a criminal scheme, providing the wherewithal to accomplish the criminal objective, and coordinating and overseeing the implementation of the conspiracy even though the defendant may not have any hierarchical control over the other participants.'" United States v. Wardell, 591 F.3d at 1304 (quoting United States v. Valdez-Arieta, 127 F.3d at 1272, and citing United States v. Tejada-Beltran, 50 F.3d at 112 ("The key to determining whether a defendant qualifies as an organizer is not direct control but relative responsibility.")).

The Court concludes that the United States has not shown by a preponderance of the evidence that Martinez was an organizer, leader, manager, or supervisor in the drug trafficking organization. The United States is correct that United States v. Valdez-Arieta does not require a defendant to exert control over subordinates for the Court to consider him or her to be an organizer. See Response at 6 (quoting United States v. Valdez-Arieta, 127 F.3d at 1270). That defendant, nevertheless, must play an organizing role within the criminal enterprise, such as by devising the scheme, providing the means to execute the scheme, or otherwise coordinating and overseeing the scheme's implementation. See United States v. Valdez-Arieta, 127 F.3d at 1272. The United

States has not made this showing.  In the PSR, the USPO references only the statements of the DEA agent assigned to the investigation:

> According to the case agent in this matter, although Martinez continually denied selling drugs, he was identified as being one of several "righthand" men or a "lieutenant" for a high-ranking individual in a drug trafficking organization working in the Albuquerque area and throughout New Mexico.  He was further identified as one of the leaders in the drug trafficking organization with decision-making authority over an undisclosed number of other participants; therefore, he was considered one of the DEA's biggest targets at that time.

PSR ¶ 11, at 5-6.  The USPO repeats this assertion in the Addendum:

> The DEA agent advised he was not only investigating the defendant, but other individuals involved in a large-scale drug trafficking organization (DTO) in the Albuquerque area and throughout New Mexico.  The agent deemed the defendant as being one of several "right-hand" men or a "lieutenant" for a high-ranking member of the DTO.  The agent further explained the defendant was also one of DEA's biggest targets during their investigation of this particular DTO.

Addendum at 2.  Finally, the United States asserts that, "although the United States cannot definitively state that Martinez could give orders to any other participant in his drug trafficking organization, a review of his mobile phone's extraction makes clear that he was involved in organizing their activities."  Response at 6.  The United States has not provided the Court with copies of the mobile telephone's contents or even a sworn affidavit from the DEA agent assigned to this case that establishes Martinez' role in the organization.  The United States similarly has not presented the Court any evidence that describes the organization's size and membership, what Martinez' role in the organization was, or whether he, e.g., organized drug buys, handled money, gave directions to other members, or played any coordinating role in the organization.  Without more evidence before it, the Court cannot determine whether Martinez belonged to a drug trafficking organization at all, let alone whether he led or organized one.  Accordingly, the Court concludes that the United States has not shown by a preponderance of the evidence that Martinez was an organizer, leader, manager, or supervisor in the drug trafficking organization, and will not apply a 2-level enhancement under

§ 3B1.1(c).  See United States v. Valdez-Arieta, 127 F.3d at 1272; United States v. Wardell, 591 F.3d at 1304-05 (concluding that the district court did not err in concluding that the defendant was an organizer where the defendant encouraged an assault, secured a location to carry out the assault, provided advice on when to carry out the assault, and took steps to ensure the assault took place).

The Court turns next to Martinez' argument that he should receive a mitigating-role reduction under §§ 3B1.2 and 2D1.1(a)(5)(ii), because his "understanding of the scope and structure of the criminal activity was limited, [and] the facts do not suggest that Mr. Martinez had any planning or organizational role."  Objections at 2.  The Court concludes that Martinez has not demonstrated by a preponderance of the evidence that he is entitled to a reduction under § 3B1.2.  See United States v. Salas, 756 F.3d 1196, 1207 (10th Cir. 2014)("The defendant bears the burden of proving by a preponderance of the evidence whether an adjustment under § 3B1.2 is warranted.").  Section 3B1.2 directs the Court to apply a 2- to 4-level reduction if the defendant's role in the offense was "minimal," "minor," or "fall[s] between" minimal and minor.  U.S.S.G. § 3B1.2.  For § 3B1.2 to apply, the defendant must be a participant in the criminal activity, i.e., must be criminally responsible for the offense, and multiple people must have been involved in the offense.  See U.S.S.G. § 3B1.2 cmts. 1-2 (referencing U.S.S.G. § 3B1.1 cmt. 1 to define "participant").  The Guidelines note that determining whether to apply a reduction under § 3B1.2 "is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case."  U.S.S.G. § 3B1.2 cmt. 3(C).  The Guidelines propose the following, non-exhaustive list of factors to consider:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
>
> (v) the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2 cmt. 3(C). Finally, the Guidelines note that this reduction "is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group," for the minimal role reduction, or "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal," for the minor role reduction. U.S.S.G. § 3B1.2 cmts. 4-5. See United States v. Nkome, 987 F.3d 1262, 1269-71 (10th Cir. 2021)(describing the contours of § 3B1.2's application).

The Court notes first that, as discussed above, the evidence in the record does not prove by a preponderance of the evidence that Martinez was involved in a drug trafficking organization. Even if the Court assumes that Martinez is part of a larger drug trafficking organization, however, Martinez is not eligible for this reduction, because he has provided only bare assertions, and has not provided any evidence, that would tilt in favor of the Court concluding that he did not understand the scope and structure of the criminal activity, that he did not participate in planning or organizing the activity, or that he did not exercise decision-making authority. See U.S.S.G. § 3B1.2 cmt. 3(C)(i)-(iii). Regarding the remaining two factors that the United States Sentencing Commission has directed courts to consider, it is unclear whether Martinez participated extensively in the criminal activity without an idea of the organization's full scope. The Court notes that Martinez sold a large quantity of methamphetamine to the undercover officer -- 514.2 net grams in exchange for $4,500.00. See PSR ¶ 8, at 5. It seems likely that this amount is significant for a drug trafficking organization and, given that Martinez was the one conducting the sale in question, it is unlikely that a drug trafficking organization would entrust a peripheral member with such a

large quantity of drugs. Similarly, it is unclear whether and to what extent, if Martinez was involved in a wider drug trafficking organization, Martinez stood to benefit from the criminal activity. Again, however, with such a large quantity of drugs at issue, it seems unlikely that he did not stand to gain any sort of benefit from the sale.

If the Court assumes, on the other hand, that Martinez was not a part of a larger drug trafficking organization, it still will not apply the reduction. At the time of the drug deal, there was a passenger in the car with Martinez who did not speak with the undercover agent. See Criminal Complaint ¶ 4, at 4; Objections at 2. Neither party has provided information regarding who this person is, what this person's involvement with Martinez is, whether officers arrested this person, or any information the Court can use to determine whether this person is "criminally responsible," such that this person is a participant for the Guideline's purposes. U.S.S.G. § 3B1.1 cmt. 1. Without multiple participants, the Court cannot conclude that multiple people were involved in the offense and cannot apply a mitigating-role reduction. See U.S.S.G. § 3B1.2 cmt. 2 (requiring multiple participants). If the Court were to determine that this passenger is a participant for the Guideline's purposes, between the passenger and Martinez, Martinez is not "less culpable" than the passenger, who is not alleged to have had any involvement in the sale and did not interact with the undercover agent during the deal. U.S.S.G. § 3B1.2 cmt. 5. Because Martinez was a seller of drugs, he is more than a courier. From the thin record, he appears to be the average participant in the crime. Accordingly, whether the Court considers Martinez to have been involved in a drug trafficking organization or only to have been involved with the passenger in his car, Martinez has not demonstrated by a preponderance of the evidence that he is entitled to a mitigating-role reduction under § 3B1.2, and the Court will not apply one. Because the Court does

not apply a reduction under § 3B1.2, it also will not apply a reduction under § 2D1.1(a)(5)(ii), which requires as a prerequisite a reduction under § 3B1.2.  See U.S.S.G. § 2D1.1(a)(5)(ii).

The PSR calculates a base offense level of 34 for combined Counts 1, 2, 3, and 5, and applies a 2-level enhancement for obstruction of justice, a 2-level enhancement for Martinez' aggravating role, and a combined 3-level reduction for two examples of acceptance of responsibility, for a total offense level of 35.  See PSR ¶¶ 18-27, at 7.  Because the Court will not apply the 2-level enhancement for Martinez' aggravating role, it reduces his total offense level to 33.  Martinez' criminal history results in a criminal history score of 11, which establishes a criminal history category of V.  A total offense level of 33 and a criminal history category of V establish a Guideline imprisonment range of 210 to 262 months.  Additionally, Count 4, use and carrying of a firearm during a drug trafficking crime, carries a mandatory minimum sentence of 60 months imprisonment, to run consecutively to any other term of imprisonment.  See 18 U.S.C. §§ 924(c)(1)(A)(i), (D)(ii); U.S.S.G. § 2K2.4(b) & cmt. 2(A).  Accordingly, Martinez' total Guideline imprisonment range is 270 to 322 months, although the parties have agreed to a specific term of 180 months of imprisonment.  See Plea Agreement ¶ 16, at 11-12.

**IT IS ORDERED** that: (i) the Defendant's Objections to the Presentence Report, filed March 13, 2023 (Doc. 45), are sustained in part and overruled in part; (ii) the Court will not apply a 2-level enhancement to Defendant Nathan A. Martinez' base offense level under U.S.S.G. § 3B1.1(c); (iii) the Court will not apply a 3-level reduction to Martinez' base offense level under U.S.S.G. § 3B1.2; (iv) the Court will not apply a 3-level reduction to Martinez' base offense level under U.S.S.G. § 2D1.1(a)(5)(ii); (v) the total offense level is 33; (vi) the applicable criminal history category is V; (vii) the United State Sentencing Guidelines establish a mandatory 60 months of imprisonment to run consecutively to any other term of imprisonment for the use and

carrying a firearm during and in relation to a drug trafficking crime; and (viii) the United States Sentencing Guidelines establish a total imprisonment range of 270 to 322 months.

<div style="text-align: right;">
_____
UNITED STATES DISTRICT JUDGE
</div>

*Counsel:*

Alexander M. M. Uballez
  United States Attorney
David B. Hirsch
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Margaret Katze
  Federal Public Defender
Martin Juarez
  Assistant Federal Public Defender
Office of the Federal Defender
Albuquerque, New Mexico

    *Attorneys for the Defendant*